Rel: April 4, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0645
_____

**Ex parte Jim Owings**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Alan Burns and John Harkonen**

**v.**

**Timothy Rosemore and Jim Owings)**

**(Shelby Circuit Court: CV-20-900010)**

SHAW, Justice.

PETITION DENIED; NO OPINION.

Stewart, C.J., and Wise, Bryan, Sellers, Mendheim, Mitchell, and McCool, JJ., concur.

Cook, J., dissents, with opinion.

COOK, Justice (dissenting).

I respectfully dissent from our Court's decision to deny Jim Owings's petition for a writ of mandamus.

I write separately because I am concerned that the arguments raised by the parties in this case may signal confusion among the bench and the Bar about how our Rules of Civil Procedure determine exactly when certain decisions are final judgments and, thus, support an appeal. I believe it is exceptionally important that the test for finality be clear for the bench and the Bar.

I encourage our Standing Committee for the Alabama Rules of Civil Procedure to examine the wording of Rule 4(f), Ala. R. Civ. P., which states, in relevant part:

> "When there are multiple defendants and the summons (or other document to be served) and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment."

(Emphasis added.)

First, the current wording of the rule is archaic and awkward. For instance, before its amendment in 1989, this rule read that "the plaintiff

may proceed <u>to trial and judgment</u>," but it now reads that "the plaintiff may proceed <u>to judgment</u>." (Emphasis added.)  The current language in the rule does not directly discuss what occurs when a <u>defendant</u> successfully makes a dispositive motion or a <u>court</u> enters a dispositive order pursuant to Rule 41, Ala. R. Civ. P.

Second, Rule 4(f) does not directly discuss whether the result would be the same if a dismissal is with, or without, prejudice for the only served defendant.

Reexamining the language in this rule (or perhaps revising Rule 54, Ala. R. Civ. P.) may thus provide clarity for the bench and the Bar for these two issues.